(85 Misc. Rep. 176)

### O'REILLY v. MITCHEL.

(Supreme Court, Special Term, New York County. April, 1914.)

INJUNCTION (§ 59*)—ANTE–ELECTION PROMISE.

    A contract cannot be based on an ante-election promise to voters generally by a candidate for public office, so as to give a voter a right to restrain the promisor from violating same.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 114–116, 128; Dec. Dig. § 59.*]

Action by Joseph J. O'Reilly against John Purroy Mitchel, individually and as Mayor of the City of New York. On motion to overrule demurrer to complaint. Denied.

Florence J. Sullivan, of New York City, for plaintiff.

Frank L. Polk, Corp. Counsel, and Louis H. Hahlo, Asst. Corp. Counsel, both of New York City, for defendant.

GREENBAUM, J. The plaintiff is a taxpayer and elector, who voted at the last general election in the city of New York for the defendant for the office of mayor of said city. In his complaint the plaintiff charges the defendant with violation of certain ante-election pledges, promises, and representations made to the voters during the campaign conducted by him when a candidate for the office of mayor, particularly alleging that defendant among his promises "disclaimed on his part any intention to change or attempt to change said laws during his administration as mayor." The specific violation of the defendant's promises is alleged to consist in his advocacy of legislative enactments having for their objects the amendment of the Civil Service Law affecting the administration of the police department in the city of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The novel theory is presented in behalf of the plaintiff that the defendant's ante-election promises constituted a contract between him and the voters of the municipality not to encourage during his term of office as mayor the passage of any state law looking to the amendment of the Civil Service Act, and that his breach of the contract entitles the plaintiff to an injunction enjoining the defendant during his term of office of mayor of the city of New York from advocating the repeal or change in the laws and charter provisions with respect to the Civil Service Law in force at the time when he was elected. The authorities cited by the learned counsel for the plaintiff do not in the remotest degree tend to establish the remarkable proposition that a contract may be predicated upon ante-election promises, entitling a voter to restrain the promisor from violating such promises. If the defendant may be restrained from advocating a measure which violates an ante-election promise, he might also be made subject to a mandatory injunction compelling him to affirmatively live up to such promises. The student of politico-legal science may discover a fertile field for research and thought in the study of the interesting question as to whether any legal method may be devised for compelling public officials to live up to the platforms of principles upon which they were elected, but in the absence of any authority or principle justifying the relief sought the motion to overrule the demurrer to the complaint will be denied, with $10 costs.

Motion denied, with $10 costs.